IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| PETER VASQUEZ, | CV 18-144-M-DLC-JCL |
| Plaintiff, | |
| vs. | ORDER |
| CODY DOYLE, AARON SUTTON, and WADE NASH, | |
| Defendants. | |

Plaintiff Peter Vasquez, appearing pro se, filed his complaint and his application for leave to proceed in forma pauperis under 28 U.S.C. § 1915(a). A court may grant a litigant leave to proceed in forma pauperis if the applicant's affidavit sufficiently indicates that the applicant cannot pay court costs and still provide the necessities of life for himself and his family. *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948). It is well established that the district court has discretion in determining whether a litigant is entitled to proceed in forma pauperis. *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963).

The Court finds Vasquez's motion to proceed in forma pauperis is incomplete, and does not provide the Court with sufficient financial information to determine whether he is eligible for the "privilege" of proceeding in forma

pauperis. *Weller*, 314 F.2d at 600. Vasquez states he is unemployed and his only income is a monthly disability benefit payment from the Department of Veterans Affairs as he is 100% disabled from the United States Army. But significantly, Vasquez does not state the amount of that monthly payment as required. Additionally, he states he owns a 2016 Chevrolet and a home in Big Fork, Montana, but he does not state the value of those assets as required. Finally, Vasquez identifies monthly expenses for various items, but he does not state the amount of each monthly expense payment he makes. Thus, Vasquez has not provided the Court with sufficient financial information for it to assess whether he can afford to pay the filing fee for this action.

Based on the inadequate financial information Vasquez has provided, IT IS HEREBY ORDERED his application is DENIED with leave to renew.

In view of Vasquez's pro se status, the Court will afford him an opportunity to resubmit his request to proceed in forma pauperis. Therefore, IT IS FURTHER ORDERED that on or before **September 6, 2018,** Vasquez shall fill out a new form for a motion to proceed in forma pauperis which the Clerk of Court will provide to him, and he shall file the new motion with the Court. Vasquez shall provide detailed and complete answers to every applicable question on the form.

Following review of Vasquez's resubmitted financial affidavit and motion, the Court will consider whether he is eligible to proceed in forma pauperis.

At all times during the pendency of this action, Vasquez shall immediately advise the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

Vasquez is advised that his failure to prosecute this action, to comply with the Court's orders, or to comply with the Federal Rules of Civil Procedure may also result in a recommendation that this case be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b). The Court may dismiss this case under Rule 41(b) *sua sponte* under certain circumstances. *See, e.g., Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).

DATED this 17th day of August, 2018.

Jeremiah C. Lynch
United States Magistrate Judge